Anna Y. Park, CA SBN 164242
Nakkisa Akhavan, CA SBN 286260
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> JET PROPULSION LABORATORY; Does 1-100, inclusive, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT – ADEA** <br> • **Age Discrimination** <br><br> **(29 U.S.C. §§ 621, et seq.)** <br><br> **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act of 1967, as amended, ("ADEA") to correct unlawful employment practices on the basis of age and to provide appropriate relief to the Charging Parties and a class of similarly aggrieved individuals. Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff" or "Commission") alleges that Defendant Jet Propulsion Laboratory ("JPL" or "Defendant") unlawfully subjected the Charging Parties and class of similarly aggrieved individuals to discrimination on the basis of age.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2. This action is authorized and instituted pursuant to Section 7(b) of the ADEA, as amended, 29 U.S.C. § 626(b), which incorporates by reference Sections 16(c) and Section 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Central District of California.

**PARTIES**

4. The Commission, Plaintiff, is an agency of the United States of America, charged with the administration, interpretation, and enforcement of the ADEA. The Commission is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g), and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g), and (h).

6. At all relevant times, Defendant employed the Charging Parties and the class of similarly aggrieved individuals.

7. Plaintiff is ignorant of the true names and capacities of each Defendant sued as Does 1 through 5, inclusively, and therefore Plaintiff sues said defendant(s) by fictitious names. Plaintiff reserves the right to amend the complaint to name each Doe Defendant

individually or collectively as they become known. Plaintiff alleges that each Doe Defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by the Plaintiff.

## STATEMENT OF CLAIMS

8. More than thirty (30) days prior to the institution of this lawsuit, each of the Charging Parties filed a charge of discrimination with the Commission alleging violations of the ADEA by Defendant.

9. On February 22, 2018, the Commission issued to Defendant Letters of Determination finding reasonable cause to believe that Defendant had violated the ADEA and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

10. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letters of Determination.

11. The Commission was unable to secure through informal methods of conciliation from Defendant a conciliation agreement acceptable to the Commission.

12. On June 14, 2018, the Commission issued to Defendant a Notices of Failure of Conciliation.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

14. Subject to the approval of the Court, the Commission and Defendant have entered into a Consent Decree to resolve the issues raised in this Complaint.

15. Since at least 2010, Defendant has operated a research facility that carries out

space and earth science missions.

16. Since at least 2010, Defendant systemically, disproportionately adversely impacted employees aged 40 and older for layoff and rehire compared with employees aged 39 and younger, in violation of §4 of the ADEA, 29 U.S.C. § 623(a)(1).

17. Defendant's conduct in adversely impacting older individuals for layoff and giving rehiring preference to younger individuals was willful.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of age.

B. Order Defendant to institute and carry out policies, practices, and programs to ensure that it would not engage in further unlawful employment practices in violation of § 4(a)(1) and (d) of the ADEA.

C. Order Defendant to make whole the Charging Parties and similarly aggrieved employees by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make whole the Charging Parties and similarly aggrieved employees by providing compensation for past and future pecuniary losses, in amounts to be determined at trial including, but not limited to, out-of-pocket expenses suffered by them that resulted from the unlawful employment practices described above in amounts to be determined at trial.

E. Order Defendant to pay the Charging Parties and similarly aggrieved employees liquidated damages for their willful conduct as described above, in amounts to be determined at trial.

F. Award the Commission its costs of this action.

G. Grant such further relief as the Court deems necessary and proper and in the public interest.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: April 3, 2020                     Respectfully Submitted,

JAMES LEE,
Deputy General Counsel
GWENDOLYN YOUNG REAMS,
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 "M" Street, N.E.
Washington, D.C. 20507

By:     /s/ Anna Y. Park
ANNA Y. PARK,
Regional Attorney
Los Angeles District Office
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION