Anna Y. Park, CA SBN 164242
Nakkisa Akhavan, CA SBN 286260
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 894-1083
Facsimile:  (213) 894-1301
E-Mail:  lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | Case No. 2:20-cv-03131 |
|---|---|---|
| Plaintiff, | ) ) ) | **CONSENT DECREE; ORDER** |
| v. | ) ) | |
| JET PROPULSION LABORATORY, | ) ) ) | |
| Defendant. | ) ) ) ) | |

1    Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC")
2  and Defendant Jet Propulsion Laboratory ("JPL" or "Defendant"), collectively
3  referred to as "the Parties," hereby stipulate and agree to entry of this Consent
4  Decree (the "Decree") to fully and finally resolve Plaintiff's complaint against JPL
5  in U.S. Equal Employment Opportunity Commission v. Jet Propulsion Laboratory;
6  Case No. 2:20-CV-03131 (the "Action").  On April 3, 2020, Plaintiff filed this
7  Action in the United States District Court, Central District of California, for
8  violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §
9  621 et seq.  The Action alleges that JPL discriminated against a class of older
10  employees based on their age.  JPL expressly denies that it discriminated against
11  any individual or group of individuals based on age and denies all allegations of
12  wrongdoing, liability and damages set forth in the Action.

13  **I.**

14  **PURPOSES AND SCOPE OF THE CONSENT DECREE**

15    A.    The Decree is made and entered into by and between the EEOC and
16  Defendant and will be binding on and enforceable against Defendant, as well as
17  against JPL's officers, directors, agents who are responsible for implementing the
18  terms of this Decree, successors and assigns in their capacity as such.   Collectively,
19  the EEOC and Defendant are referred to herein as the "Parties."

20    B.    The Parties have entered into this Decree for the following purposes:

21      1.    To provide appropriate monetary and injunctive relief;

22      2.    To facilitate employment practices in compliance with federal
23  law;

24      3.    To facilitate a work environment free from discrimination and
25  retaliation;

26

27      4.    To facilitate training for JPL's employees with respect to the
28  pertinent laws regarding age discrimination and retaliation;

2

1    5.    To facilitate appropriate recording keeping, reporting, and

2    monitoring; and

3    6.    To avoid business disruption, delay and expensive and

4    protracted costs incident to this litigation.

5    C.    This Decree will apply to JPL, which is located at 4800 Oak Grove

6    Drive, Pasadena, CA 91109.

7    **II.**

8    **DEFINITIONS**

9    A.    "Action" is U.S. Equal Employment Opportunity Commission v. Jet

10   Propulsion Laboratory; Case No. 2:20-cv-03131.

11   B.    "ADEA" is the Age Discrimination in Employment Act, 29 U.S.C.

12   § 621 et. seq.

13   C.    "Charging Parties" are the individuals who filed EEOC Charge Nos.

14   480-2011-02203/480-2011-02711, 480-2011-02318, 480-2011-02320, 480-2011-

15   02325, 480-2011-02756, 480-2011-03178, 480-2012-00071, 480-2012-00722, 480-

16   2012-02409, 480-2013-01184, 480-2013-02051, 480-2013-02407, and 480-2013-

17   02836.

18   D.    "Claimant" is an individual who submits a Claim Form to the Claims

19   Administrator in accordance with Section VIII.

20   E.    "Claims Administrator" is an independent company responsible for

21   handling administration of the claims process in accordance with Section VIII.B.

22   F.    "Claim Form" is the form developed by the EEOC and reviewed by

23   JPL in accordance with Section VIII.B.4.d.

24   G.    "Court" is the United States District Court for the Central District of

25   California.

26   H.    "Decree" is this Consent Decree.

27   I.    "EEOC" is the United States Equal Employment Opportunity

28   Commission.

3

1       J.     "Effective Date" is the date this Decree is entered by the Court.

2       K.     "Eligible Claimant" is a Claimant who meets all of the following requirements: (i) was employed by JPL in the United States at some point between January 1, 2010 and the Effective Date, inclusive; (ii) is found by the EEOC to have been laid off, forced to retire and/or denied rehire following layoff or forced retirement because they were age 40 or older between January 1, 2010 and the Effective Date; (iii) timely submits to the Claims Administrator a Claim Form setting forth facts in support of his or her claim as prescribed in Section VIII.B.4. and its subparts; and (iv) signs the Claimant Acceptance, Waiver, and Release of Claims form.

L.     "JPL" is Jet Propulsion Laboratory.

M.     "Monitor" is the Equal Employment Opportunity Monitor prescribed in Section X.A.1.

N.     "Notice of Settlement" is the notice prepared by the EEOC to advise Potential Claimants of the fact and terms of the Decree, the required procedure and deadline for their submission of Claim Forms, and the Claimant Acceptance, Waiver, and Release of Claims.

O.     "Potential Claimants" are all individuals who (i) were employed by JPL anywhere in the United States at any time, (ii) were laid off at any time between January 1, 2010 and the Effective Date, or who retired between January 1, 2010 and the Effective Date, and (iii) were at least 40 years of age on the effective date of the layoff or retirement.

P.     "Release of Claims" is the Claimant Acceptance, Waiver, and Release of Claims form attached as Exhibit "A" to this Decree.

Q.     "Settlement Fund" is the escrow account into which JPL will cause to be deposited the sum of Ten Million Dollars ($10,000,000) for distribution in accordance with the terms of this Decree.

### III.

### <u>RELEASE OF CLAIMS</u>

A.      This Decree fully and completely resolves all issues, claims and allegations raised by the EEOC against JPL in this Action, fully resolves EEOC Charge Nos. 480-2011-02203/480-2011-02711, 480-2011-02318, 480-2011-02320, 480-2011-02325, 480-2011-02756, 480-2011-03178, 480-2012-00071, 480-2012-00722, 480-2012-02409, 480-2013-01184, 480-2013-02051, 480-2013-02407, and 480-2013-02836.  The EEOC has completed its investigation of these charges.

B.      Nothing in this Decree will be construed to limit or reduce JPL's obligation to comply fully with the ADEA or any other federal employment statute.

C.      Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree in the event that JPL fails to perform the promises and representations contained herein.  This Decree in no way affects the EEOC's right to bring, process, investigate or litigate charges that may be in existence or may later arise against JPL in accordance with standard EEOC procedures.

### IV.

### <u>JURISDICTION</u>

A.      The Court has jurisdiction over the Parties and the subject matter of this litigation.  *See* 29 U.S.C. § 626(b).  The Action asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree.  The terms and provisions of this Decree are fair, reasonable and just.  This Decree conforms to the Federal Rules of Civil Procedure and the ADEA and is not in derogation of the rights or privileges of any person.

B.      The Court will retain jurisdiction of this Action during the duration of the Decree for the purposes of entering all orders, modifications, judgments and decrees that may be necessary to implement the relief provided herein.

C.      There is no private right of action to enforce JPL's duties and

obligations under the Decree; only the EEOC or its successors or assigns may enforce compliance.

## V.

## EFFECTIVE DATE AND DURATION OF DECREE

A.     The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court (the Effective Date).

B.     Except as otherwise provided herein, this Decree will remain in effect for three (3) years after the Effective Date and will expire by its own terms at the end of the thirty-sixth (36th) month from the Effective Date without further action by the EEOC.

## VI.

## MODIFICATION AND SEVERABILITY

A.     This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.  No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B.     If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties will make good faith efforts to agree upon appropriate amendments in order to effectuate the purposes of the Decree.  In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

C.     By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions herein.

## VII.

## COMPLIANCE AND DISPUTE RESOLUTION

A.     The Parties expressly agree that if the EEOC has reason to believe that

JPL has failed to comply with any provision of this Consent Decree, the EEOC may petition this Court to enforce the Decree. Prior to initiating such action, the EEOC will notify JPL's legal counsel of record, in writing, of the nature of the dispute. This notice will specify the particular provision(s) that the EEOC believes JPL breached. Unless the EEOC determines that the delay will cause irreparable harm, JPL will have thirty (30) calendar days to attempt to resolve or cure any non-monetary breach and will have five (5) business days to attempt to resolve or cure any monetary breach.

B.     The Parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC notice.

C.     After thirty (30) calendar days have passed with respect to any non-monetary breach, or five (5) business days have passed with respect to any monetary breach, if the Parties have reached no resolution or agreement to extend the time further, the EEOC may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree, and/or any other relief the Court deems appropriate.

## VIII.

## MONETARY RELIEF AND CLAIMS ADMINISTRATION

A.     Establishing a Settlement Fund and General Provisions

1.     JPL will pay a total of Ten Million Dollars ($10,000,000) to resolve this Action. Within thirty (30) calendar days of the Effective Date, JPL will cause that sum to be deposited into the Settlement Fund and provide the EEOC with written verification of that funding within seven (7) calendar days of deposit.

2.     The Settlement Fund will be distributed to the Eligible Claimants in accordance with the terms of this Decree.

3.     The EEOC has full and complete discretion under the terms of this Decree to determine who is an Eligible Claimant and the characterization of such payments as income, wages or otherwise, as hereinafter described in this

1   Decree.

2       B.      Claims Administration

3               1.      Claims Administrator Selection and Approval

4                   Within fifteen (15) calendar days of the Effective Date, JPL will

5   hire and appoint a Claims Administrator, approved by the EEOC, to oversee the

6   claims process and payments to Eligible Claimants as directed by the EEOC in the

7   manner provided in Section VIII.B.4 designated in a Distribution List(s).  If the

8   Claims Administrator initially appointed by JPL thereafter declines to serve or to

9   carry out its duties under this Decree, JPL will have ten (10) business days to notify

10  the EEOC in writing of the need for a replacement Claims Administrator and will

11  provide the EEOC with the name of a new Claims Administrator for approval by

12  the EEOC.  If the EEOC objects to the appointment of the new administrator

13  identified by JPL, the Parties will meet and confer until they reach mutual

14  agreement on a replacement Claims Administrator.  In the absence of an agreement

15  of the parties, the EEOC may appoint a Claims Administrator.

16              2.      Responsibility for Claims Administrator's Fees and Costs

17                  All of the Claims Administrator's administration fees and costs

18  will be paid by or on behalf of JPL pursuant to its agreement with the Claims

19  Administrator, a copy of which agreement will be provided to the EEOC.  Said

20  administration fees will not be funded by or deducted from the Settlement Fund.

21              3.      Claims Administrator's Duties and Responsibilities

22                  The Claims Administrator will work with the EEOC and JPL to

23  carry out the terms of the Decree.  The Claims Administrator will be responsible

24  for:  (a) establishing, within ten (10) calendar days of being appointed, a non-

25  interest-bearing account to hold in trust the Settlement Fund and notifying the

26  EEOC and JPL when the account is established and ready for deposit of the

27  Settlement Fund; (b) receiving and holding the Settlement Fund in trust, until

28  distribution; (c) establishing an informational website accessible to the EEOC and

Potential Claimants; (d) establishing an e-mail address accessible to Potential Claimants to submit questions and Claim Forms as defined in Section II.F; (e) establishing a toll-free telephone number accessible to Potential Claimants; (f) responding to information requests from Potential Claimants; (g) sending notices and Claim Forms to Potential Claimants; (h) obtaining updated addresses for Potential Claimants and re-mailing returned notices; (i) receiving and processing Claim Forms as provided in the Decree; (j) scoring Claim Forms based on criteria provided by the EEOC; (k) communicating the scoring to the EEOC; (l) sending notice of claim share to Claimants determined by the EEOC to be eligible if they execute the Release of Claims form; (m) sending notice of ineligibility to Claimants and anyone else determined by the EEOC to be ineligible; (n) issuing payments in accordance with a final Distribution List provided by the EEOC; (o) calculating withholding and payroll taxes and issuing tax reporting forms to each Eligible Claimant who receives a settlement payment; (p) filing tax returns and issuing IRS Form W-2's and 1099's with respect to the Settlement Fund; (q) communicating as necessary with the EEOC and JPL; (r) tracking all necessary data regarding contact with Potential Claimants, Claimants, and Eligible Claimants; (s) reissuing checks where required in consultation with the EEOC, and (t) final distribution of the Settlement Fund.

4.      Claims Process and Distribution of Settlement Fund

a.      Website, E-Mail Address, and Toll-Free Telephone Number:  Within twenty (20) calendar days after being retained, the Claims Administrator will:  (i) establish a website which will be accessible to the EEOC and Potential Claimants; (ii) establish an e-mail address for purposes of communicating with Potential Claimants by e-mail; and (iii) establish a toll-free telephone number which will be accessible to Potential Claimants.  The website and/or e-mail address will be set up so that Potential Claimants may obtain and submit a Claim Form electronically, if they so choose.  Information posted on the

9

website and available on a recorded message on the toll-free telephone number will be limited to the general information included in the Notice of Settlement sent to Potential Claimants or update information as to status of the claim process (e.g., claim-filing deadline; projected distribution date when known).

b.      Potential Claimant List:  Within thirty (30) calendar days of the Effective Date, JPL will provide the Claims Administrator with a list of all Potential Claimants.

c.      For each individual on the Potential Claimant List, JPL will provide the following information from its records, to the extent known by JPL:  (a) full name, including all known prior names or aliases; (b) last known address; (c) date of birth; (d) social security number; (e) employee identification number, if any, and if different from his or her Social Security Number; (f) all known telephone numbers; (g) all known e-mail addresses; (h) any known emergency contact information; (j) dates of employment at JPL; and (k) any release of claims signed by the individual (redacted of personal information, including the amount of any settlement).

d.      Notice of Settlement and Claim Form:  After the Claims Administrator is retained, the EEOC will provide the Claims Administrator with the following forms:  (a) Notice of Settlement; and (b) Claim Form.  The EEOC will afford JPL an opportunity to provide input on the Notice of Settlement and Claim Form, which input the EEOC may accept or reject.

e.      Mailing Notice of Settlement and Claim Form, and Utilization of Media:  Upon receipt of the Potential Claimant List from JPL, the Claims Administrator will first utilize available resources including a database search to update addresses.  Using the updated addresses, the Claims Administrator will mail the Notice of Settlement, the Claim Form, and a return envelope addressed to the Claims Administrator to each Potential Claimant.  The Notice and Claim Form will be mailed at the earliest possible date but not later than twenty-

eight (28) calendar days after the Claims Administrator receives the Notice of Settlement and Claim Form.  For each individual on the Potential Claimant List for whom there is an e-mail address, the Claims Administrator will also send the individual an e-mail Notice of Settlement with instructions on how to obtain and submit an electronic version of the Claim Form.  The Claims Administrator will provide to the EEOC a roster of the U.S. mail and e-mail transmissions no later than ten (10) calendar days after they are completed.

f. <u>Return Mail Handling</u>:  For each mailing to a Potential Claimant that is returned as undeliverable, the Claims Administrator will, within ten (10) calendar days:  (1) research the Potential Claimant's most-recent address, using best efforts and a database search to locate the Potential Claimant; and (2) (a) resend the Notice of Settlement and Claim Form and cover letter to the new or different address if a new or different address is obtained, or (b) advise the EEOC of the efforts taken to locate the Potential Claimant if no new or different address is obtained.  The Claims Administrator will make no more than two (2) attempts to locate a Potential Claimant whose mailing is returned as undeliverable and in no event will any re-mailing of the Notice of Settlement and Claim Form occur more than six (6) months later than the Effective Date unless the EEOC determines a re-mailing is needed to advance the interest of the terms of this Decree.

g. <u>Claim-Filing Deadline</u>:  A Potential Claimant's final claim-filing deadline will be the later of one hundred twenty (120) calendar days after the Notice of Settlement and the Claim Form are originally mailed or one hundred twenty (120) calendar days after the date the original Notice of Settlement and Claim Form are re-mailed.  Claim Forms postmarked or submitted electronically to the Claims Administrator within these periods will be considered timely.  However, Claim Forms that are received after the aforementioned time periods may be considered by the EEOC at its sole discretion.

1           h.     Claim Evaluation:  The EEOC and JPL will discuss the

2   criteria for scoring claims made under this Decree.  The Claims Administrator will

3   score the Claim Forms based on defined criteria provided by the EEOC, and will

4   provide its scoring to the EEOC and JPL within ninety (90) calendar days after the

5   final claim-filing deadline.  The Claims Administrator also will provide to the

6   EEOC all of the Claim Forms and accompanying information submitted by each

7   Claimant for the EEOC's use in assessing who is an Eligible Claimant.  JPL may

8   provide in writing any input it has on the Claims Administrator's scoring to the

9   EEOC within thirty (30) calendar days of JPL's receipt of that scoring.  If JPL

10  challenges a particular claim, it will provide the EEOC with a full explanation of

11  the factual bases for any such challenge, together with any supporting evidence.

12  Although the EEOC will consider the Claims Administrator's scoring and JPL's

13  input in good faith, the EEOC reserves the right to reject some or all of the Claims

14  Administrator's scoring and/or JPL's input.  The EEOC has sole discretion in

15  determining the scoring criteria, eligibility and monetary relief amounts for all

16  Claimants.  JPL agrees that the EEOC's determination of these issues is final, and

17  JPL will not object to them.

18          The EEOC will provide the Claims Administrator with one or

19  more Distribution Lists, each with the following:  (a) an eligibility and claim-share

20  list; (b) a Notice of Eligibility and Claim Share Amount setting forth the amount to

21  be designated as wages, subject to withholding taxes and other deductions the

22  Claims Administrator is required by law to make, and the amount, if any, to be

23  designated as appropriately reported on a Form 1099 as non-wage income; (c) a

24  Notice of Ineligibility; and (d) any update that the EEOC has to the mailing address

25  and other contact information for any Claimant.  The Claims Administrator will

26  share the Distribution Lists with all Parties.

27          i.     Notices to Claimants:  Upon receiving the materials listed

28  in Section VIII.B.4.h. from the EEOC, the Claims Administrator will mail to each

Claimant on the EEOC's approved Distribution List(s) a Notice of Eligibility and Claim Share Amount, the Release of Claims form, and a return envelope addressed to the Claims Administrator.  To each Claimant determined to be ineligible, the Claims Administrator will mail a Notice of Ineligibility, and a return envelope addressed to the Claims Administrator.

j.      <u>Receiving Acceptance and Release Forms</u>:  The Claims Administrator will receive, track, and hold all Release of Claims forms, whether submitted by mail, in person, or electronically, and will provide JPL with a copy at the conclusion of the claims administration process (or such earlier date as JPL requires a copy if an Eligible Claimant files a lawsuit or administrative charge based on claims released under the Decree).

k.      <u>Unaccepted Claim Shares</u>:  If a Claimant (to whom the Claims Administrator has sent a Notice of Eligibility and Claim Share Amount) does not timely return a signed Release of Claims form, the Claimant will be deemed to have rejected the claim share.  The EEOC may authorize the acceptance of late-submitted Release of Claims forms.  Claim shares deemed to be rejected under this subsection will be re-distributed to other Eligible Claimants, as determined by the EEOC.

l.      <u>Subsequent Distribution List(s)</u>:  The EEOC may provide the Claims Administrator one or more subsequent Distribution Lists, detailing the remaining Eligible Claimants and the Claim Share Amount awarded to each.  The Claims Administrator will provide the EEOC and JPL an accounting of the monies remaining from the Settlement Fund.  Although JPL may provide input, JPL has no standing to challenge the EEOC's distribution determinations, which are entirely in the discretion of the EEOC.  If JPL has no additional input, it will promptly so inform the EEOC.

The EEOC will provide a Final Distribution List to the Claims Administrator factoring in at its discretion, input from JPL, if any.  The Claims

1    Administrator will notify JPL of receipt of the Final Distribution List.

2                    m.    Deposit of Employer's Portion of the Payroll Taxes and

3    Final Distribution:  No later than ten (10) business days after JPL receives notice

4    from the Claims Administrator of receipt of a Distribution List, including the Final

5    Distribution List, and also receives the amount of FICA and FUTA tax due from

6    the Claims Administrator, JPL will deposit into the Settlement Fund for the Eligible

7    Claimants the employer's portion of the FICA and FUTA tax due on a rolling basis.

8                    Within ten (10) business days of receiving from or on behalf of

9    JPL the payment for the employer's portion of the FICA and FUTA tax due, the

10   Claims Administrator will issue and mail checks via Certified Mail to Eligible

11   Claimants in accordance with the Distribution List(s).  No monetary payment under

12   this Decree will be made to a Claimant who has not complied with the terms of this

13   Decree, including submission to the Claims Administrator of a fully-executed

14   Release of Claims and any other required documents.

15                   n.    Returned and/or Uncashed Checks:  If any checks are

16   returned as undeliverable, the Claims Administrator will attempt to find an updated

17   address and will provide the EEOC with the name, last known address, date of

18   birth, and social security number of the Eligible Claimant.  If an updated address

19   can be found, the check will be re-mailed via Certified Mail.  If an Eligible

20   Claimant fails to present his or her check after ninety (90) calendar days of it being

21   issued, the Claims Administrator will provide the EEOC with the name, last known

22   address, date of birth, and social security number of the Eligible Claimant, and the

23   EEOC may make additional efforts to locate the Eligible Claimant for one hundred

24   eighty (180) additional calendar days.  If any of the Settlement Fund remains

25   undistributed two hundred seventy (270) calendar days after exhausting these

26   efforts to locate the Eligible Claimants and after the issuance of the Final

27   Distribution List, the remaining balance of the Settlement Fund will be paid to a

28   charity (or charities) addressing issues of age discrimination in employment that is

approved by the EEOC.

     o. <u>Tax Reporting Forms</u>:  All amounts distributed from the Settlement Fund constitute wage income, except as expressly designated to the contrary by the EEOC.  The Claims Administrator will prepare and mail a Form W-2 tax reporting form to each Eligible Claimant who receives a payment under this Decree for wages and benefits (back pay and/or front pay).  The Claims Administrator also will prepare and mail a Form 1099 tax reporting form to each Eligible Claimant who receives a payment under this Decree for liquidated damages and/or other non-wage damages.  Eligible Claimants are responsible for paying taxes on income reported on a 1099 form.

     p. <u>Notice of Checks Issued</u>:  Within five (5) business days after mailing any payment to Eligible Claimants or any charity, the Claims Administrator will submit a register or copy of the checks to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012 and to counsel of record for JPL.

     q. <u>Reports on Amount Remaining in Settlement Fund</u>: On a quarterly basis throughout the duration of this Decree, the Claims Administrator will notify the EEOC and JPL of the remaining amount available of the Settlement Fund.

     r. <u>Report to Tax Authorities</u>:  The Claims Administrator will make all appropriate reports to the Internal Revenue Service and other tax authorities.

     s. <u>Cooperation</u>:  The Parties will work together to ensure that the distribution, including reissuing checks should that be required, is effectively carried out under the Decree.

# IX.

## **GENERAL INJUNCTIVE RELIEF**

A.    Discrimination

Defendant, including all managerial and non-managerial employees, and all those in active concert or participation with them, or any of them, are hereby enjoined from implementing or permitting any action, policy or practice with the purpose of discriminating against any person on the basis of age in violation of the ADEA in making layoff decisions or in assessing for hire or rehire any employee who was separated from JPL.

B.    Retaliation

JPL, including all managerial and non-managerial employees, and all those in active concert or participation with them, or any of them, are hereby enjoined from implementing or permitting any action, policy or practice with the purpose of retaliating against any current or former employee or applicant of JPL, because he or she has in the past, or during the term of this Decree:

1.    Opposed any practice made unlawful under the ADEA;

2.    Filed a charge of discrimination alleging such practice;

3.    Participated in any manner in an internal or external investigation or proceeding relating to this case or any claim of a violation of the ADEA;

4.    Was identified as a possible witness or Claimant in this action;

5.    Asserted any right under this Decree;

6.    Sought and/or received any relief in accordance with this Decree; or

7.    Has a close association with an individual who took any of the actions listed in this Section.

# X.

## SPECIFIC INJUNCTIVE RELIEF

A.     Equal Employment Opportunity Personnel

1.     Equal Employment Opportunity Monitor

Within thirty (30) calendar days after the Effective Date, JPL will designate an Equal Employment Opportunity Monitor ("Monitor") with demonstrated experience in the areas of age discrimination and retaliation, to monitor JPL's compliance with the ADEA and the provisions of this Decree.  The Monitor will be subject to the Commission's approval, which shall not be unreasonably withheld.  JPL will propose a Monitor to the Commission.  JPL will provide information on the Monitor's qualifications for the role to the EEOC.  JPL will bear all costs associated with the selection and retention of the Monitor and the performance of the Monitor's duties.  The Monitor's responsibilities for the term of the Decree will include:

a.     Developing and maintaining an anti-discrimination policy and reporting procedure that effectively carry out JPL's obligations under this Decree;

b.     Developing and maintaining an anti-discrimination policy that includes a clear explanation of what conduct constitutes age discrimination and retaliation and a prohibition of such conduct;

c.     Developing and maintaining procedures to handle complaints of age discrimination and retaliation that comply with JPL's obligations under the ADEA and this Decree;

d.     Monitoring JPL's investigation of all complaints of age discrimination and retaliation to ensure compliance with the ADEA;

e.     Monitoring to determine whether JPL properly communicates with complainants regarding the complaint procedure, status of the complaint investigation, results of the investigation, and any remedial action taken;

f.      Monitoring to determine whether all employees are trained on their rights and responsibilities under the ADEA, including but not limited to the responsibility to provide a workplace free of age discrimination and retaliation;

g.      Monitoring to determine whether JPL's disciplinary policies hold employees and managers accountable for failing to take appropriate action and/or or for engaging in conduct prohibited under this Decree;

h.      Monitoring to determine whether JPL creates a centralized system of tracking age discrimination and retaliation complaints;

i.      Monitoring to determine that the terms and conditions of employment are consistent with the ADEA for workers of all ages;

j.      Monitoring to determine that JPL's reports required by Section X.G of this Decree are accurately compiled and timely submitted;

k.      Reviewing Defendant's hiring practices and policies, especially as they pertain to hiring of personnel in the protected age group and those previously laid off from JPL;

l.      Reviewing Defendant's layoff practices and policies so as to ensure they are consistent with the Age Discrimination in Employment Act (including not requiring employees to retire in lieu of being laid off);

m.      Working with the Layoff Coordinator (as defined below in Section X.A.3) to explore means of informing employees who are laid off during the reporting period of potential job opportunities;

n.      Conducting an annual audit; of the disposition of applications filed during the annual reporting period by those who were laid off following the Effective Date to ensure that appropriate consideration was given to those who were qualified for open positions;

o.      Reporting on the ages of (i) employees selected for layoff, and (ii) placements within JPL during the annual reporting period, through rehiring

18

or transfer, of individuals laid off by JPL since the Effective Date of the Decree;

    p. Reviewing the information compiled by the Diversity Director and the Layoff Coordinator regarding the Decree implementation for which each are responsible to determine whether those commitments were fulfilled and determine the efficacy of their efforts; and

    q. Preparing an annual report on JPL's progress, including its compliance with the terms of this Decree and the Monitor's compliance with his/her responsibilities as articulated herein.

   2. Diversity Director

    Within thirty (30) calendar days after the Effective Date, JPL will designate a Director of Diversity ("Diversity Director"), with demonstrated experience in the area of preventing age discrimination in recruitment, to advise JPL in reconstructing and administering its Recruitment Policy in order to comply with the ADEA and the provisions of this Decree.  JPL will provide information on the Diversity Director's qualifications for the role to the EEOC.  JPL will bear all costs associated with the selection and retention of the Diversity Director and the performance of his/her duties.  The Diversity Director's responsibilities will include:

    a. Working with the Monitor and JPL's human resources staff to create a recruitment plan designed to recruit employees of all ages, including those in the protected age group;

    b. Determining that appropriate consideration is given to the qualifications of employees in the protected age group who are laid-off following the Effective Date with respect to positions that are open at the time they are notified of layoff and during the ensuing one hundred and eighty (180) days to the extent that such employees apply for and meet the basic qualifications for the positions.

3.      Layoff Coordinator

Within thirty (30) days after the Effective Date, JPL will designate a Layoff Coordinator, with demonstrated experience in the area of preventing age discrimination in conducting layoffs, to advise JPL in reconstructing and administering its Layoff Policy in order to comply with the ADEA and the provisions of this Decree.  JPL will provide information on the Layoff Coordinator's qualifications for the role to the EEOC.  JPL will bear all costs associated with the selection and retention of the Layoff Coordinator and the performance of his/her duties.  JPL may designate the same person as the Diversity Director and Layoff Coordinator.  The Layoff Coordinator's responsibilities with oversight by the Monitor will include:

a.      Providing guidance on JPL's layoff of personnel, including development, review and implementation of layoff criteria and procedures, construction of layoff pools, review of tentative layoff decisions and documentation in support of those decisions, analysis of tentative decisions for age impact, and review of efforts to place employees selected for layoff into open positions at JPL;

b.      Determining that all persons involved in the layoff process have been trained to conduct layoffs prior to those persons being involved in the layoff process;

c.      Sharing information on where employees scheduled for layoff, as well as management and supervisory personnel, can view JPL positions that are open;

d.      Collecting and preserving records reflecting the layoff criteria and reasons for each layoff decision;

e.      Creating and maintaining a list of likely outplacement employers and resources and sharing the list with laid-off employees;

f.      Providing an outplacement education program selected by

20

JPL for employees being laid off to provide guidance on formulating a job search plan; and

g.      Reviewing practices to ensure that laid off employees are permitted to apply for posted positions and are screened using the same non-age-based criteria as other applicants.

B.    Anti-Discrimination Policies and Procedures

1.    JPL, for all of its facilities, will review, revise, distribute, and implement its policies and procedures against age discrimination and retaliation prohibited by the ADEA (the "Policies").  The Policies will include:

a.      A clear explanation of prohibited conduct, including that an employee's age will not be considered in making hiring or layoff decisions;

b.      A recruitment process that:

i.      Does not disproportionately target younger applicants, but nothing in this Decree precludes JPL from having an intern or early career hire program that is not restricted by age;

ii.      Implements the advice of the Diversity Director, calculated to recruit potential employees of all ages, consistent with the ADEA. For instance, in addition to JPL's early career hire recruitment program, it will recruit for mid-career and more-senior hires;

c.      A hiring process that does not consider the age of the applicant (with the exception of the legal age requirements to work in the United States);

d.      A layoff process that:

i.      Does not consider age of the employee; and

ii.      Establishes clear, defined procedures to identify the layoff pool, including explanations of why individuals are included in or excluded from the layoff pool and why individuals in the layoff pool are and are not selected for layoff;

1           e.    A complaint process that:

2                i.    Provides that employees or applicants who make

3 complaints of age discrimination and/or who provide information related to such

4 complaints are protected against retaliation;

5                ii.    Clearly describes the accessible avenues (including

6 human resources) for making a complaint of age discrimination, and the process for

7 submitting a complaint (which may commence with an oral report, followed by a

8 written confirmation);

9                iii.    States that JPL will endeavor to limit identification

10 of age discrimination complainants to those who have a need to know;

11                iv.    Requires prompt and appropriate corrective action

12 when JPL determines that age discrimination and/or retaliation has occurred;

13                v.    Provides a prompt, thorough, and impartial

14 investigation;

15                vi.    Provides for communications with the complainant

16 in writing regarding the status of the complaint/investigation, results of the

17 investigation, and if any remedial action was taken;

18                vii.    Requires any supervisory, management or human

19 resources employee who receives a complaint of age discrimination, whether

20 formal or informal, written or verbal, to report that complaint to the Monitor as

21 soon as possible after receiving said complaint but no later than three (3) business

22 days from receipt; and

23                viii.    Provides that JPL's disciplinary policies hold

24 employees at all levels accountable for failing to take appropriate action and/or for

25 engaging in conduct prohibited under this Decree.

26         2.    JPL will provide to the EEOC a copy of the Policies within

27 thirty (30) days after the Effective Date.

28         3.    JPL will distribute the Policies to each employee, managerial

and non-managerial, within sixty (60) calendar days of the Effective Date and submit to the EEOC a statement confirming distribution of the Policies within ten (10) calendar days following distribution.

4.      JPL will distribute the Policies to each new employee, managerial or non-managerial, hired after the initial distribution of the Policies within thirty (30) calendar days of the date they commence employment.

C.      <u>Statements of Non-Discrimination</u>

1.      Within ten (10) calendar days of the Effective Date, JPL's Laboratory Director will release a video-taped statement to all employees, setting out JPL's commitment to equal employment opportunity, assuring its employees that all employees will be free from unlawful discrimination on the basis of age and other protected status, and emphasizing that neither discrimination on the basis of age or other protected status, nor retaliation for reporting discrimination, will be tolerated.

2.      JPL will disclose on its Careers website that JPL does not discriminate on the basis of age (among other protected characteristics) and will include on its Careers website information on how applicants may complain if they believe that discrimination has occurred.  Such information will include to whom the complainant may complain, how to complain, and contact information to check on the status of their complaint.

D.      <u>Training</u>

1.      <u>Non-Supervisory Employees</u>

a.      Within one hundred twenty (120) days of the Effective Date of this Decree, JPL, in consultation with the Monitor, will provide live, videotaped and/or interactive online training, lasting at least thirty (30) minutes in duration, to all of JPL's non-supervisory employees.  Training that occurs between the execution of this Agreement and the Effective Date will also fulfill the requirement;

1                      b.      The training will be in a language the employees

2 understand and will cover the revised Policies, equal employment rights and

3 responsibilities under the ADEA (as well as other nondiscrimination laws) and

4 retaliation;

5                      c.      The training will further address the following:

6                             i.      The type of conduct that constitutes age

7 discrimination and retaliation.  Examples will be given of the prohibited conduct to

8 ensure understanding by employees;

9                           ii.      JPL's policies and procedures for reporting and

10 handling complaints of discrimination (including age) and retaliation, and how to

11 utilize these policies; and

12                         iii.      External avenues, such as the EEOC, that are

13 available to employees seeking to complain of age discrimination and retaliation;

14                      d.      Employees must complete the training once every two (2)

15 years for the duration of this Decree;

16                      e.      All newly-hired employees must complete the training no

17 later than ninety (90) days after commencing employment; and

18                      f.      All persons required to attend such training will verify

19 their attendance in writing or electronically.

20               2.      <u>Managerial and Supervisory Employees</u>

21                      a.      Within one hundred twenty (120) days of the Effective

22 Date of this Decree, JPL, in consultation with the Monitor, will provide live,

23 videotaped and/or interactive online training, lasting at least sixty (60) minutes in

24 duration, to all of JPL's managerial, supervisory, and lead employees, including the

25 Laboratory Director, the Directors of all of the Directorates, the Division Managers,

26 Deputy Division Managers, Section Managers, Deputy Section Managers, and

27 Group Supervisor ("Management Training").  Management Training that occurs

28 between the execution of this Agreement and the Effective Date will also fulfill the

1  requirement;

2              b.      In addition to covering the content provided for non-

3  supervisory employees in subsection D.1. above, Management Training will further

4  address the following:

5                      i.      JPL's exposure and responsibility under the ADEA

6  and state law;

7                      ii.     How to make personnel decisions, including

8  layoffs, in a manner that does not violate the ADEA;

9                      iii.    How to identify age discrimination and retaliation;

10                     iv.     How to properly handle and escalate complaints of

11  age discrimination and retaliation; and

12                     v.      Their obligation to take preventative and corrective

13  measures to avoid or address discrimination and retaliation;

14             c.      Managerial, supervisory, and lead employees must

15  complete the Management Training once every two (2) years for the duration of this

16  Decree;

17             d.      All newly-hired or newly-advanced managerial,

18  supervisory and lead employees must complete the training no later than sixty (60)

19  days after commencing employment in, or assuming, a managerial, supervisory or

20  lead role; and

21             e.      All persons required to attend such training will verify

22  their attendance in writing or electronically.

23         3.      Human Resources Employees

24             a.      Human Resources employees and any other employees

25  who have lead responsibility for investigating complaints of age discrimination and

26  retaliation will receive the training set forth in this Section X.D.3., and an additional

27  specialized training, two (2) hours in duration once every two (2) years for the term

28  of this Decree on how to effectively investigate claims of age discrimination and

retaliation ("Complaint Process Training").

        b.     Human Resources employees and any other employees involved in the recruitment process will receive the training set forth in this Section X.D.3., and an additional specialized training, two (2) hours in duration once a year for the term of this Decree ("Recruitment Policy Training").  The specialized training will address how to effectively implement the amended Recruitment and Hiring Policies in a manner that does not violate the ADEA or the terms of this Decree.

        c.     Human Resources employees involved in instructing management employees on how to conduct layoffs will receive the training set forth in this Section X.D.3., and an additional specialized training, two (2) hours in duration once a year for the term of this Decree ("Layoff Policy Trainer Training"). The specialized training will address how to advise and train management employees to implement the amended Layoff Policy in a manner that does not violate the ADEA or the terms of this Decree.

        d.     Any active Human Resources employee who is unable to attend any scheduled HR Training will be trained within sixty (60) days of the training set forth above.

        e.     Within sixty (60) days of the hire date of any Human Resources employee hired after the annual training but within the term of the Decree, JPL will provide an HR Training covering the issues set forth above, as appropriate.

        4.     <u>Verification of Training</u>

     JPL will retain a written or electronic record reflecting that persons required to attend training prescribed by Section X.D.1. through D.3. fulfilled the training requirement.

        5.     <u>EEOC Review of Training Material</u>

     At least thirty (30) days prior to the first session of each of the

trainings required under this Decree, JPL will produce to the EEOC the written training materials to be used and a description of the training to be provided.  The training materials will be sent via U.S. Mail to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012.  JPL will consider any input provided by the EEOC on the draft training materials.

> E.    <u>Record Keeping</u>

JPL will also work in conjunction with the Monitor to establish a record-keeping procedure that provides for the centralized tracking of formal outreach recruitment initiatives, hires, promotions, terminations, and age discrimination complaints, as well as the monitoring of such complaints to prevent retaliation.  The records to be maintained will include:

> 1.    Documentation generated in connection with any complaint, investigation into, or resolution of every complaint of age discrimination and/or retaliation for the duration of the Decree;

> 2.    Documentation reflecting receipt of the Policies by managers and employees as required under this Decree;

> 3.    Documentation verifying the occurrence of all training sessions required under this Decree, including the names of all attendees for each session as required under this Decree;

> 4.    Documents reflecting the monitoring, counseling, or disciplining of employees whom JPL determined to have engaged in behavior that constitutes age discrimination and/or retaliation;

> 5.    Documents reflecting JPL's confidential follow-up inquiries into whether any complainant believes he or she has been retaliated against;

> 6.    Documentation reflecting recruitment and hiring:

> > a.    The job requisition;

> > b.    Documents reflecting any outreach recruiting for the job

1   requisition;

2          c.     The applications for employment and other documents

3   submitted by an applicant in support of the application; and

4          d.     A summary of the reason for selecting the successful

5   applicant(s) for each job opening for the reporting period.

6       7.     Documentation generated or considered in conducting layoffs:

7          a.     Documents defining the layoff pools created for each

8   layoff and the reason for the pool composition;

9          b.     Documents setting forth the layoff criteria; and

10          c.     Documents used or created in ranking employees within a

11   layoff pool and in ultimately selecting those who would be laid off;

12       8.     Documentation of each employee who is separated (either

13   voluntarily or involuntarily):

14          a.     The name of the separated employee;

15          b.     The last position held;

16          c.     Section, if any;

17          d.     Group, if any;

18          e.     Date of separation;

19          f.     Date of birth;

20          g.     Age at separation;

21          h.     The reason for separation; and

22          i.     If employees are hired into a Section from which

23   employees were laid off in the prior twelve (12) months:  the name, job title, job

24   level, and date of birth of all employees hired in that Section, if any, in the twelve

25   (12) months following a layoff; and

26       9.     Performance evaluations, if given, but this Decree will not

27   require JPL to prepare performance evaluations.

28

JPL will make the aforementioned records available to the EEOC for inspection within ten (10) business days following a written request by the EEOC.

F.      Notice Posting

Within ten (10) business days after the Effective Date and throughout the term of this Decree, JPL will post the notice attached to the Decree as Exhibit "B" in a clearly visible location frequented by employees at any JPL location within the state of California.

G.      Reporting

JPL, through its Monitor, will submit an annual report each year during the term of this Decree, that:

1.      Confirms JPL's implementation of its commitments in Section X.A. through F. of the Decree, including a description of the Monitor's audits and oversight under the Decree;

2.      Confirms that the Notice Posting requirement as set forth in Section X.F has been implemented and is in full compliance throughout the duration of the Decree;

3.      Attaches a copy of any updates to the Policies against, and the complaint procedure for addressing, age discrimination and retaliation that are made after consultation with the Monitor and Diversity Director in compliance with the Decree;

4.      Reflects the attendance for all training sessions required under this Decree that took place during the previous twelve months;

5.      Describes all complaints of age discrimination and/or retaliation for complaining about age discrimination made since the Effective Date of the Decree or the submission of the immediately preceding report hereunder, whichever is later, including:

a.      the name and title of the complaining party(ies);

b.      the date of the complaint;

c.      the name and title of the alleged perpetrator(s);

d.      the name and title of the person(s) who conducted the investigation into the complaint;

e.      the nature of the complaint (*i.e.*, comments, acts, etc.);

f.      the date of the commencement and completion of the investigation;

g.      a brief description of the investigation (*i.e.*, number of persons interviewed, types of materials reviewed);

h.      the outcome of the investigation and any action taken.  If the outcome has not been determined as of the date the report is submitted, the outcome will be included in the next report; and

i.      whether previous age discrimination complaints had been made regarding the alleged offender(s).  If so, the report will also include the outcome(s) of the prior investigation(s) of complaints against the same alleged perpetrator(s);

6.      Summarizes layoffs during the reporting period:

a.      The name and age of laid-off employee;

b.      Reasons for the layoff;

c.      Documents reflecting any rankings or comparisons performed to select employees for layoff;

d.      All employees responsible for the layoff decision; and

e.      The name, date of birth, job title, and career level of all employees hired to or transferred into the Section from which the employee was laid off during or six (6) months prior to the start of the reporting period;

7.      Analyzes whether layoffs, if any, that are effective during the reporting period adversely impacted individuals age 40 and older; and

8.      Reports on the hires in the Sections from which employees were

laid off during the reporting period:

        a.     Job requisitions;

        b.     Outreach recruitment, if any, for a given job requisition;

        c.     Applications for employment and any other documents submitted by an applicant in support of the application for the job requisitions identified in subsection E.6.a.;

        d.     A summary of the reason for selection of the applicant(s) for each job requisition identified in subsection E.6.a. during the reporting period; and

        e.     Date of birth of the person(s) hired for the job requisitions identified in subsection E.6.a.

     All reports under this Section will be directed to:  U.S. Equal Employment Opportunity Commission, Attn. Regional Attorney Anna Y. Park, 255 E. Temple Street, 4th Floor, Los Angeles, CA 90012.

## XI.

## COSTS OF ADMINISTRATION AND IMPLEMENTATION
## OF CONSENT DECREE

     JPL will bear all costs associated with its administration and implementation of its obligations under this Decree.

## XII.

## COSTS AND ATTORNEYS' FEES

     Each party will bear its own costs of suit and attorneys' fees.

## XIII.

## MISCELLANEOUS PROVISIONS

     A.     During the term of this Decree, JPL will provide any potential successor-in-interest with a copy of this Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of JPL's facilities, or any other material change

1    in corporate structure, and will simultaneously inform the EEOC of same.

2         B.    JPL agrees that this Decree applies to JPL, which is located at 4800

3    Oak Grove Drive, Pasadena, CA 91109, and will apply to employees of JPL at any

4    new location opened or acquired by JPL in the United States during the term of the

5    Decree.

6         C.    During the term of this Decree, JPL will assure that each of its officers,

7    managers and supervisors is aware of any term(s) of this Decree which may be

8    related to his/her job duties.

9         D.    Unless otherwise stated, all notices, reports and correspondence

10   required under this Decree will be delivered to the attention of Anna Y. Park,

11   Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East

12   Temple Street, 4th Floor, Los Angeles, CA, 90012; facsimile number (213) 894-

13   1301.

14        E.    The Parties agree to entry of this Decree and judgment subject to final

15   approval by the Court.

16

17        All Parties, through the undersigned, respectfully apply for and consent to the

18   entry of this Consent Decree Order.

19                          Respectfully submitted,

20                          U.S. EQUAL EMPLOYMENT
                       OPPORTUNITY COMMISSION

21

22

23    Date:  April 3, 2020                  /s/

24                          By: Anna Y. Park
                         Attorneys for Plaintiff EEOC

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JET PROPULSION LABORATORY

Date:   April 3, 2020

By: Who is authorized by JPL to enter
into this Consent Decree

33

Approved as to Form:

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Date:  April 3, 2020                                    /s/
                                          By: Anna Y. Park
                                              Attorneys for Plaintiff
                                              U.S. Equal Employment
                                              Opportunity Commission

All signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Date:  April 3, 2020                          PAUL HASTINGS LLP


                                                       /s/
                                          By: Nancy L. Abell



                                                       /s/
                                          By:  Felicia A. Davis
                                               Attorneys for Defendant
                                               Jet Propulsion Laboratory


**ORDER**

The provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is HEREBY ORDERED.


Date:  June 9, 2020
                                          _____
                                          CONSUELO B. MARSHALL
                                          UNITED STATES DISTRICT JUDGE